UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRYNN WIMSATT                                                                                    PLAINTIFF

v.                                                                CIVIL ACTION NO. 3:17-cv-402-CRS

CHARTER COMMUNICATIONS, LLC,                                               DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of Defendant, Charter Communications, LLC, for partial dismissal of Plaintiff's Complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated, the partial motion to dismiss will be **GRANTED**.

### I.  BACKGROUND

The Plaintiff, Brynn Wimsatt ("Wimsatt"), was hired by the Defendant, Charter Communications, LLC ("Charter"), in 2008. (DN 1, ¶ 9.) Wimsatt claims that throughout her employment, she was paid less and denied promotions because of her status as an African American homosexual female. (*Id.* at ¶¶ 9, 13.) In July of 2017, Wimsatt filed a Complaint against Charter alleging race, gender, and sexual orientation discrimination in violation of Title VII of the Civil Rights Act. (DN 1.) Charter now moves this court to dismiss Count I of the Complaint, to the extent that it attempts to allege a claim of sexual orientation discrimination, for failure to state a claim. (DN 9.)

### II.  DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell At. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (citing *Conley v. Gibson*, 355 U.S. 41, 45 - 46 (1957)).

Even accepting the Plaintiff's alleged facts as true, Wimsatt has failed to state an actionable claim for sexual orientation discrimination. The Sixth Circuit unequivocally has held that, "harassment or discrimination based upon a person's sexual orientation cannot form the basis of a cognizable claim." *Kasich v. AT&T Mobility, LLC*, 679 F.3d 464, 471 (6th Cir. 2012). Despite such binding precedent, the Plaintiff urges this court to "adopt the persuasive rulings in *Hively*[1] and other jurisdictions and find that Wimsatt's claim of discrimination based on her sexual orientation necessarily is a claim of sex discrimination." (DN 14, 6.)

The Plaintiff's argument to adopt the rulings of other circuits cannot succeed, as this court is required to follow the binding precedent of the Sixth Circuit. *See Kindred Hosps. Ltd. P'ship v. McDonald*, 2008 WL 4165271, at *2 (W.D. Ky. Sept. 5, 2008) ("While it is certainly possible that courts in other circuits might reach different results in a similar situation, this Court is bound by Sixth Circuit law."). The Sixth Circuit's holding in *Kasich* that sexual orientation discrimination is not a claim of sex discrimination under Title VII is binding on this court. Therefore, Plaintiff's sexual orientation discrimination claim will be dismissed.

---

[1] *Hively v. Ivy Tech Community College*, 853 F.3d 339 (7th Cir. 2017).

### III. CONCLUSION

For the reasons stated, the court will **GRANT** the Defendant's Partial Motion to Dismiss. The court will **DISMISS** Count I of Plaintiff's Complaint only to the extent that it states a claim for sexual orientation discrimination.

An order will be entered in accordance with this opinion.

January 25, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**